## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 21, 1920.

ETHEL PAINTER HOOD
VS.
JOHN MIFLIN HOOD, JR.

*Isaac Lobe Straus* and *Wm. Pinkney Whyte* for plaintiff.

*Albert E. Donaldson* for defendant.

STANTON, J. (Orally)—

The matter before the court at this time is the application for alimony pendente lite on the part of Ethel Painter Hood, the plaintiff.

The counsel for Mrs. Hood stated in the argument that the application is not so much to enable the wife to maintain herself and prosecute the case, as it is to charge the defendant with the maintenance and support of the three infant children during the pendency of the suit. The children are with the mother, because she took them when she left the home, 102 West Oakdale road, Roland Park, so that any expense resulting from the care of the children is voluntarily assumed by the mother. The father declares himself as having always desired the children in the home where he is now living, which is the one the mother left, and tenders himself ready to receive them. If he has wilfully abandoned and deserted the children and fails to provide for them, an effective and speedy remedy is open to the mother. Where there are infant childrn and a necessitous wife, who is forced into a divorce proceeding, the allowance of alimony pendente lite is affected by the fact that the children are forced upon the mother to be cared for and supported while the suit is pending. But the allowance of alimony pendente lite is now, as it has always been, to enable the wife to prosecute the divorce proceeding and maintain herself while it is undetermined. .

Upon application for divorce the court, in granting or refusing alimony, may consider the relative means of the parties (Marshall vs. Marshall, 122 Md. 694), and this record shows that the income of the wife is almost two and a half times that of the husband— in other words, the income of the wife is eighty-eight thousand dollars a year, as against the income of thirty-six thousand dollars for the husband.

Under this state of facts it is not surprising to find that the plaintiff does not allege, as is the ground for relief in proceedings of this character, that she is without means to pay the necessary expense of prosecuting her suit, or to compensate her solicitor, but merely asks the court to order the husband to pay these charges.

The facts disclosed by this record do not call for an allowance of any sum as alimony pendente lite at this time, but the petition will be retained to enable the court to consider any change in the circumstances of the plaintiff as might develop before the case can be heard and determined on its merits, and an order will be signed accordingly.